# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL A. FRIMMEL,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:15-cv-00092-GMN-CWH

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court are the following motions: respondents' motion to dismiss (ECF No. 9), petitioner's motion for the appointment of counsel (ECF No. 18), respondents' motion to file a sur-reply (ECF No. 21), petitioner's motion for a further extension of time to oppose the motion to dismiss (ECF No. 29), petitioner's motion to file a sur-reply in support of his motion seeking the appointment of counsel (ECF No. 31), and petitioner's motion to file a sur-reply in support of his motion for an extension of time to oppose the motion to dismiss (ECF No. 32).

**I. Procedural History**

    In the Eighth District Court for the State of Nevada, petitioner was charged with one count of burglary, two counts of forgery, two counts of obtaining and using personal identifying

information of another, and one count of attempted theft. (Exhibit 8).[1] On July 30, 2008, petitioner pled guilty to one count of burglary pursuant to a plea agreement. (Exhibit 41). Petitioner failed to appear for his sentencing on October 22, 2008. (Exhibits 44 & 45). On April 16, 2009, a judgment of conviction was entered against petitioner. (Exhibit 51). The state district court sentenced petitioner, pursuant to Nevada's large habitual criminal statute, to a term of life with the possibility of parole after ten years. (Exhibit 51). No direct appeal of the conviction was filed.

On December 7, 2010, petitioner filed a state post-conviction habeas petition. (Exhibit 64). In an order filed June 9, 2011, the state district court dismissed the petition as time barred pursuant to NRS 34.726. (Exhibit 76). Petitioner appealed to the Nevada Supreme Court. (Exhibit 69). On September 30, 2011, the Nevada Supreme Court affirmed in part and reversed in part, remanding the petition to the state district court for an evidentiary hearing to determine if petitioner could show good cause for the delay in filing his state petition. (Exhibit 81). Counsel was appointed to represent petitioner for the evidentiary hearing. The state district court held the evidentiary hearing on July 18, 2012. (Exhibit 90). After the hearing, by order filed August 17, 2012, the state district court found that petitioner had not demonstrated good cause to excuse the untimeliness of his petition and dismissed the petition as time-barred. (Exhibit 98). With the assistance of counsel, petitioner appealed this ruling to the Nevada Supreme Court. (Exhibit 92 & 115). In an order filed December 12, 2013, the Nevada Supreme Court affirmed the state district court's denial of the petition as untimely. (Exhibit 118). Remittitur issued on January 6, 2014. (Exhibit 119).

On January 6, 2015, petitioner signed his federal habeas petition, which contains five grounds for relief. (ECF No. 1-1 and ECF No. 7, at p. 13). On February 12, 2015, petitioner filed a memorandum of points and authorities in support of the federal habeas petition. (ECF No. 5). In an order filed July 23, 2015, this Court noted that the federal petition, at Grounds 1-4, incorporates by reference the grounds pled in petitioner's state post-conviction habeas petition, which appear at Exhibit I to the memorandum of points and authorities. (Order at ECF No. 6, citing ECF No. 5, at

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 10-15.

pp. 103-117). On September 4, 2015, respondents filed a motion to dismiss the petition. (ECF No. 9). Additional motions have been filed relating to the motion to dismiss, as discussed below.

**II. Petitioner's Motion for Appointment of Counsel**

Following respondents' filing of the motion to dismiss, petitioner filed a motion for the appointment of counsel. (ECF No. 18). Respondents filed an opposition to the motion. (ECF No. 19). Petitioner filed a reply. (ECF No. 20). On December 21, 2015, respondents filed a motion for permission to file a sur-reply addressing issues raised in petitioner's reply brief, along with a sur-reply. (ECF Nos. 21 & 22). Because petitioner's reply presents new arguments and factual details regarding his request for counsel, the Court grants respondents' request to file a sur-reply.

Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

Prisoners have a constitutional right of access to the courts that arises under the Due Process Clause of the Fourteenth Amendment. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). A prisoner alleging a violation of his right of access to the courts must have suffered "actual injury." *Id.* at 349-50. The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id.* at 354-55. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 351. Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. The right of access to the courts guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before

the courts . . . . [It is this capability] rather than the capability of turning pages in the law library, that is the touchstone" of the right of access to the courts." *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996). Prison officials "might replace libraries with some minimal access to legal advice and a system of court-provided forms." *Id.* at 352.

The Court notes that petitioner's motion for the appointment of counsel is a pre-typed "form" motion that does not give any reasons supporting petitioner's specific reasons for seeking the appointment of counsel. (ECF No. 18). In petitioner's reply brief, he argues that during his incarceration at the Northern Nevada Correctional Center (NNCC), he was required to use a "paging system" to access law library materials. (ECF No. 20). Petitioner does not demonstrate how any alleged shortcoming of the library paging system "hindered his efforts to pursue a legal claim." *See Lewis v. Carey*, 518 U.S. at 351. As set forth by the declaration of the NNCC Law Library Supervisor, inmates may request materials from the law library five days a week. (Exhibit 120). Inmates are not limited in the number of requests they can submit and requests are usually fulfilled within 24 hours. When requesting information on a particular topic, law library staff will work with the inmate to narrowly tailor their request. If law library staff have difficulty ascertaining the nature of an inmate's needs, the inmate may request a pass to physically visit the law library. (Exhibit 120). In this case, petitioner has not shown that he was unable to access the courts or demonstrate any specific denial a request from the law library. Petitioner fails to demonstrate that the NNCC law library or its paging system is constitutionally inadequate. Petitioner fails to demonstrate a need for the appointment of counsel based on deficiencies with the law library or its paging system. The appointment of counsel is in this case is not justified. Petitioner's motion for the appointment of counsel is denied. Additionally, petitioner's motion for leave to file a second reply (a "sur-reply') regarding his motion for the appointment of counsel is denied.

**III. Petitioner's Motions for Extensions**

On October 5, 2015, petitioner filed a motion for an extension of time to file a response to the motion to dismiss. (ECF No. 16). By order filed October 13, 2015, petitioner's motion for an extension of time was granted, making petitioner's response due on December 4, 2015. (ECF No. 17). Petitioner filed a second motion for an extension of time to file a response to the motion to

dismiss. (ECF No. 24). On March 23, 2016, the Court granted petitioner's motion for an extension, making the response to the motion to dismiss due on April 19, 2016. (ECF No. 28). On April 20, 2016, petitioner filed another motion for a 120-day extension of time to file a response to the motion to dismiss. (ECF No. 29). Respondents oppose petitioner's most recent motion for an extension. (ECF No. 30).

Respondents' motion to dismiss was filed on September 4, 2015. (ECF No. 9). With petitioner's most recent motion for a 120-day extension, he seeks a total of 349 days to oppose respondents' motion to dismiss. The Court finds petitioner's request for 349 days in which to oppose the motion to dismiss to be unreasonable. Petitioner claims that the research system in place at Ely State Prison's (ESP) law library constitutes extraordinary circumstances warranting his latest request for a 120-day extension. Petitioner states that ESP's law library system "makes . . . access to the legal materials virtually or near impossible . . . ." (ECF No. 29, at p. 3). Petitioner's argument lacks merit, as he fails to allege specific facts or instances showing that he was unable to access materials or assistance from ESP's law library. Petitioner attaches to his motion one request to the law library dated February 22, 2016, and the law library's response to that request, dated February 25, 2016. (ECF No. 29, at p. 16). Petitioner also attached one other request for legal copy work, dated March 6, 2016, but does not indicate when the law library responded. (*Id.*, at p. 25). Petitioner does not state what specific materials or assistance he requested from the ESP law library, when and how frequently such requests were made, whether any such requests were denied, or how any problems with ESP's law library specifically caused him to miss his deadline and seek an extension of an additional 120 days. The restrictions on petitioner's access to the law library, including the use of a paging system to access legal materials, does not constitute an extraordinary circumstance warranting another extension of time. Nor do petitioner's transfer between Nevada state prisons constitute extraordinary circumstances. Petitioner fails to explain how prison transfers in December and February prevented him from continuing to work on an opposition that he presumably began drafting in September of 2015. Petitioner fails to show good cause or extraordinary circumstances justifying a further extension of time to respond to the pending motion to dismiss. On May 25, 2016, petitioner filed a motion for leave to file a sur-reply regarding his

motion to extend time. (ECF No. 32). Petitioner's motion for leave included his purported sur-reply. Pursuant to the Local Rules of Civil Procedure, Rule 7-2, petitioner was entitled to file a reply regarding his motion to extend time, thus, the motion for leave to file a sur-reply is denied as unnecessary. The Court has reviewed the substance of petitioner's reply within his purported sur-reply and finds that petitioner fails to show good cause or extraordinary circumstances justifying a further extension of time to respond to the pending motion to dismiss.

**IV. Motion to Dismiss**

Respondents argue that the federal petition was untimely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Once the judgment of conviction becomes final, the petitioner has 365 days to file a federal habeas petition, with tolling of the time for filing during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(1), (2). A habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).

A criminal defendant in Nevada has 30 days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d at 898. Once the judgment of conviction is final, the defendant has one year to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction was filed on April 16, 2009. (Exhibit 51). Petitioner did not pursue a direct appeal of his judgment of conviction. Where a petitioner does not appeal from his judgment of conviction, the AEDPA limitations period begins to run on the date on which the time to seek appeal expires. 28 U.S.C. § 2244(d)(1)(a); NRAP 4. Thus, petitioner's conviction became final on May 18, 2009,[2] which was the expiration of the 30-day deadline for filing a direct appeal from the judgment of conviction. The one-year AEDPA statute of limitations began to run on May 18, 2009, and expired on May 18, 2010. Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to

---

[2] May 16, 2009, was a Saturday, therefore petitioner had until Monday, May 18, 2009, to file a notice of appeal of his conviction. *See* NRAP 26(a)(3).

prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on January 13, 2015. (ECF No. 7, at p. 1, item 5). Even if the Court gives petitioner every benefit of the doubt and deems the petition to be filed earlier, on the date it was signed, January 6, 2015, the federal petition was filed 2,060 days after the AEDPA statute of limitations had expired.

The Court notes that petitioner's state post-conviction habeas petition, which was untimely filed on December 7, 2010, did not statutorily toll the AEDPA statute of limitations. (Exhibit 64). In the order of affirmance filed December 12, 2013, the Nevada Supreme Court held that petitioner's post-conviction state habeas petition was untimely pursuant to NRS 34.726 and that petitioner failed to demonstrate good cause for the delay in filing his petition. (Exhibit 118). Because it was untimely under state law, the state post-conviction habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo,* 544 U.S. at 412-16. Further, the Court notes that petitioner's state post-conviction habeas petition was filed after the expiration of the AEDPA statute of limitations. An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *see also Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). As such, petitioner is not entitled to statutory tolling during the pendency of his state post-conviction habeas petition, and the federal habeas petition is untimely.

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A

petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a [litigant] to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal quotations omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). In the instant case, petitioner has failed to make any showing that he pursued his rights diligently and that any extraordinary circumstance prevented him from filing a timely federal habeas petition. Petitioner is not entitled to equitable tolling and the federal petition must be dismissed as untimely.

**V. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

/ / / / / / / / / /

/ / / / / / / / /

## VI. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion for permission to file a sur-reply regarding petitioner's motion for the appointment of counsel (ECF No. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a second reply (a "sur-reply") regarding his motion for the appointment of counsel (ECF No. 31) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 18) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a sur-reply regarding his motion to extend time (ECF No. 32) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for a further extension of time to respond to the pending motion to dismiss (ECF No. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this __27__ day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court